UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEZEN CANLAS, GEORGE STO. DOMINGO, on behalf of himself, and on behalf of others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>AIRCRAFT SERVICE INTERNATIONAL, INC., and DOES 1-25,<br><br>Defendants. | CASE NO. 16-cv-02355-JSW<br><br>**[PROPOSED] FINAL APPROVAL ORDER**<br><br>Date: November 2, 2018,<br>Time: 9:00 A.M.<br>Place: Courtroom 5 – 2nd Floor<br><br>Action filed: February 18, 2016<br>Date of Removal: April 29, 2016<br>Trial Date: None Set<br><br>**Hon. Jeffrey S. White** |

# ORDER GRANTING THE MOTION FOR
# FINAL APPROVAL OF CLASS ACTION SETTLEMENT

**I.  BACKGROUND**

Plaintiffs Jezen Canlas and George Sto. Domingo ("Plaintiffs") filed this wage and hour class action lawsuit against Aircraft Service International, Inc. ("Defendant"). The operative First Amended Complaint filed by Plaintiffs alleges causes of action on behalf of nonexempt employees for (1) failure to provide meal period compensation; (2) failure to provide rest period compensation; (3) unpaid wages; (4) failure to pay overtime compensation; (5) waiting time penalties; (6) failure to furnish accurate wage statements; (7) unfair compensation in violation of Cal. Bus. & Prof. Code sections 17200, *et seq.* ("UCL"); and (8) civil penalties pursuant to the Private Attorney General Act, Cal. Lab. Code sections 2698, *et seq.* ("PAGA"). The Complaint sought recovery of unpaid wages, restitution, penalties, interest, and attorneys' fees and costs.

On August 31, 2017, the Court issued an order granting in part, Defendant's Motion for Partial Summary Judgment (the "Summary Judgment Order") (Dkt. No. 32), which resulted in a judgment in favor of Defendant with respect to Plaintiffs' individual claims for unpaid wages; failure to pay overtime compensation; and waiting time penalties. Following the Summary Judgment Order, only Plaintiffs' meal and period claims, wage statement claim, UCL claim and PAGA claim remained (the "Remaining Claims").

In January 2018, the Parties engaged in a mediation session with Francis "Tripper" Ortman of Ortman Mediation, which resulted in a class-wide settlement limited to the Remaining Claims and further limited to those persons employed as fuelers or similarly-situated positions at Defendant's worksite at San Francisco International Airport, California.

Plaintiffs' motion for preliminary approval was granted on June 11, 2018, which resulted in the Court conditionally certifying, for settlement purposes only, the following Rule 23(b)(3) Class:

> **ALL SIMILARLY SITUATED PERSONS WHO WERE EMPLOYED BY DEFENDANT AT ITS WORKSITE LOCATED AT SAN FRANCISCO INTERNATIONAL AIRPORT, CALIFORNIA AT ANY TIME BETWEEN FEBRUARY 18, 2012 THROUGH JULY 31, 2017 IN ANY OF**

-2-

**THE FOLLOWING POSITIONS:**

**(A) FUELER**
**(B) GSE FUELER**
**(C) LEAD FUELER**
**(D) FUELING SUPERVISOR I**
**(E) FUELING SUPERVISOR II**

Following the Court's order granting the motion for preliminary approval, the approved Settlement Administrator, CPT Group, Inc., provided a Court-approved Notice of Class Action Settlement to members of the Class, who were given an opportunity to opt out or object to the settlement. Now before the court is Plaintiffs' Motion for Final Approval of Class Action Settlement and Plaintiffs' Motion for Attorney's fees, costs, Settlement Administrator Costs, PAGA allocation, and Incentive Awards to Plaintiffs.

## II. DISCUSSION

### A. SETTLEMENT CLASS DEFINITION

The proposed settlement class (hereinafter "Class Definition") is defined as follows:

**ALL SIMILARLY SITUATED PERSONS WHO WERE EMPLOYED BY DEFENDANT AT ITS WORKSITE LOCATED AT SAN FRANCISCO INTERNATIONAL AIRPORT, CALIFORNIA AT ANY TIME BETWEEN FEBRUARY 18, 2012 THROUGH JULY 31, 2017 IN ANY OF THE FOLLOWING POSITIONS:**

**(A) FUELER**
**(B) GSE FUELER**
**(C) LEAD FUELER**
**(D) FUELING SUPERVISOR I**
**(E) FUELING SUPERVISOR II**

The class period (hereinafter "Class Period") is defined as the time period between February 18, 2012 through July 31, 2017.

### B. TERMS OF SETTLEMENT AGREEMENT

The gross settlement amount is $715,000. This amount is non-reversionary and there was no claims requirement. Defendant will fund the settlement no later than ten (10) days, if there are no objectors, after the Court signs this Final Approval Order and Final Judgment. If there are objectors, Defendant will fund the settlement no later than ten (10) days after the lapse of any time to appeal the order granting final approval of the class action settlement. If any such appeal

-3-

is filed, Defendant's payment to the Settlement Administrator shall be made no later than ten (10) days after a final resolution of all appeals that results in the upholding of the parties' settlement.

The net settlement amount, or the "Potential Gross Individual Settlement Proceeds," is the gross settlement amount minus the following:

- $7,500 as an Enhancement Award to Plaintiff Canlas;
- $7,500 as an Enhancement Award to Plaintiff Sto. Domingo;
- $214,500 for attorney fees (30% of the gross settlement);
- $9,660.98 for attorney's costs and expenses;
- $13,000 in settlement administration costs for CPT Group, Inc.;
- $7,500 (75% of $10,000 PAGA penalty) paid to the California Labor & Workforce Development Agency; and
- Employee's share of payroll taxes.

The net settlement will be distributed in a specific manner, as set forth herein:

- Payment will be made to all class members because there are no opt outs.
- Each Class Member's "Individual Settlement Award" shall equal the remainder of the of the Potential Gross Individual Settlement Proceeds, divided by the total number of weeks worked by Settlement Class Members at Defendant's worksite at San Francisco International Airport, California and in any of the fueler positions described in the Class Definition during the Class Period (as determined by Defendant's records), and multiplied by the total number of weeks worked by the individual Settlement Class Member at Defendant's worksite in San Francisco International Airport, California and in any of the fueler positions described in the Class Definition during the Class Period (as determined by Defendant's records) subject to deductions and withholdings to be paid to taxing authorities.
- For tax withholding purposes, the Individual Settlement Awards for the Class will be allocated as follows: one third (33.3%) to alleged unpaid wages which will be reported to the IRS on Form W-2, including amounts to be deducted for employee taxes; one third (33.3%) to alleged interest, which will be reported to the IRS on

-4-

Form 1099; and one third (33.3%) to alleged penalties, which will be reported to the IRS on Form 1099.

- Settlement checks will be valid for 60 days from mailing. If any check is not cashed within 60 days, the settlement administrator will void the checks and the uncashed amount(s) shall be redistributed to those Class Members who cashed their initial payments. After another 60 days, any settlement checks from the redistributed amounts, that remain uncashed shall be cancelled and the outstanding amount paid on a *cy pres* basis to Instituto Laboral de La Raza.

- Members who do not opt out will release Defendant (and related entities) from any and all claims all claims, demands, rights, liabilities, and causes of action that were or could have been asserted in the Lawsuit remaining after the Court's August 31, 2017 Order granting in part, Defendant's Motion for Partial Summary Judgment, whether in tort, contract, statute, rule, ordinance, order, regulation, or otherwise, including state wage and hour laws (including California Labor Code sections 226, 226.7, 512, PAGA, and all applicable wage orders), whether for economic damages, restitution, penalties, premiums, wages, or liquidated damages, relating to, on the basis of, in connection with, or arising out of, in whole or in part, the alleged facts and claims at issue, including but not limited to, the alleged failure to: (1) provide all legally mandated meal and rest periods and/or Section 226.7 penalties, pursuant to Cal. Lab. Code section 226.7 and 512; and (2) furnish accurate wage statements pursuant to Cal. Lab. Code section 226; and as related to the foregoing, the causes of action for alleged unlawful, unfair and/or fraudulent business practices under California Business and Professions Code section 17200, et seq. and for violations of PAGA related to the alleged Labor Code violations

### C. ANALYSIS OF SETTLEMENT AGREEMENT

#### 1. Standards for Final Fairness Determination

In a class action lawsuit, the Court undertakes the responsibility to assess the fairness and adequacy of a proposed class action settlement, balancing the following factors: (1) the strength

-5-

of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintain class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experiences and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *See Churchill Vill., L.L.C. v. GE*, 361 F.3d 566, 576-77 (9th Cir. 2004) (citing *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998)). "In addition, although 'strong judicial policy … favors settlements,' [citation] the settlement may not be the product of collusion among the negotiating parties. *Churchill*, 361 F.3d at 577.

**2.     The Settlement is Fair, Reasonable, and Adequate**

a. <u>Strength of Plaintiffs' case.</u> Class Counsel has offered evidence on both the strength and weaknesses of the remaining claims.

b. <u>Risk, expense, complexity and likely duration of further litigation.</u> Given the nature of the class claims, the case is likely to be expensive and lengthy to try. Procedural hurdles (e.g., motion practice and appeals) are also likely to prolong the litigation as well as any recovery by the class members.

c. <u>Risk of maintaining class action status through, trial.</u> Even if a class is certified, there is always a risk of decertification.

d. <u>Amount offered in settlement.</u> As indicated above, Defendant agreed to settle for a non-reversionary gross settlement of $715,000, of which $10,000 will be paid as PAGA penalties. Class Counsel explains how the settlement amounts were arrived at and how they break down as to the claims asserted and released through the settlement agreement.

e. <u>Extent of discovery completed and stage of the proceedings.</u> As discussed above, at the time of the settlement, Plaintiffs had conducted extensive discovery.

f. <u>Experience and views of counsel.</u> The settlement was negotiated and endorsed by class counsel who, as indicated above, is experienced in class action litigation, including wage and hour cases.

g. <u>Presence of a governmental participant.</u> Pursuant to California Labor Code 2699.3(l), a

-6-

copy of the settlement was provided to the LWDA. To date, the LWDA has not responded or commented on the amount to be treated as PAGA penalties.

      h. <u>Reaction of the class members to the proposed settlement.</u>

- Number of class members: 461
- Number of notices mailed: 454
- Number of undeliverable notices: 7
- Number of opt-outs: 0
- Number of objections: 0
- Number of participating class members: 461

The above information was provided by CPT Group, Inc.

CONCLUSION: The settlement can be deemed fair, reasonable, and adequate.

### D. ATTORNEY FEES AND COSTS

Class Counsel requests $214,500 for attorney fees and $9,660.98 for costs.

The fee request represents 30% of the cash portion of the gross settlement amount. While the Ninth Circuit has established a "benchmark" that fees should equal 25% of the settlement (*see Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000), courts may diverge from the benchmark based on a variety of factors, including the results obtained, risk undertaken by counsel, complexity of the issues, length of the professional relationship, the market rate, and awards in similar cases. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048-50 (9th Cir. 2002). Here, Class Counsel has offered evidence justifying an award of 30% of the gross settlement amount. Further, the notice expressly advised class members of the fee request.

As for costs, Class Counsel requests $9,660.98, which $5,339.02 less than the cap. Costs incurred by Class Counsel include costs for filing fees, depositions, mediation, copies, and other miscellaneous costs.

For all of the foregoing reasons, the Court approves $214,500 in fees and $9,660.98 in costs to Class Counsel.

### E. INCENTIVE AWARD TO CLASS REPRESENTATIVES

An incentive award to a named class representative must be supported by evidence that

-7-

quantifies time and effort expended by each individual, using relevant factors that include "the actions the plaintiff has taken to protect the interests of the class, the degree to which the class has benefitted from those actions, . . . [and] the amount of time and effort the plaintiff expended in pursuing the litigation." *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). "Such awards are discretionary . . . and are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009) (citation omitted). The Ninth Circuit has "noted that in some cases incentive awards may be proper but [has] cautioned that awarding them should not become routine practice." *Radcliffe v. Experian Info. Sol.*, 715 F.3d 1157, 1163 (9th Cir. 2013).

Here, Plaintiffs Canlas and Sto. Domingo request incentive awards of $7,500 each, for a total of $15,000. Plaintiffs assisted counsel by responding to document requests, making themselves available for deposition, staying in touch with their attorneys, assisting in identifying witnesses, assisting with mediation, assisted attorneys in communication with class members and with gathering declarations and reviewing the settlement agreement.

In light of the above as well as the benefits obtained on behalf of the class, the requested awards appear to be a reasonable inducement for Plaintiffs' participation in this case. The requested incentive awards are approved.

**F. SETTLEMENT ADMINISTRATION COSTS**

The settlement agreement provided for a maximum of $15,000 in settlement administrator costs. Here, the Settlement Administrator, CPT Group, Inc. requests $13,000 which is the amount estimated at the time of preliminary approval. Given the tasks performed (and still to be performed), and given the size of the class, this amount appears to be reasonable. This amount was also disclosed to class members and deemed unobjectionable.

**G. CY PRES DESIGNATION**

The Court finds Instituto Laboral de La Raza, a nonprofit advocacy and workers' resource center in San Francisco, CA, to be an appropriate and worthy *cy pres* because it will allow

-8-

unclaimed sums to be distributed, to the extent possible, in a manner designed either to further the purposes of the underlying causes of action or to promote justice for all Californians. *See, In re Microsoft I-V Cases,* 135 Cal. App. 4th 706, 722, (2006). The *cy pres* will only receive settlement funds if Class Members fail to cash their checks after two distributions per the Settlement Agreement.

### III. CONCLUSION AND ORDER

FOR GOOD CAUSE HAVING BEEN SHOWN, the Court hereby GRANTS the Motion for Final Approval of Class Action Settlement as follows:

(1) Grant class certification for purposes of settlement;

(2) Grant final approval of the settlement as fair, reasonable and adequate;

(3) Award $214,500 in attorney fees and $9,660.98 in costs to Class Counsel;

(4) Award $7,500 to Plaintiff Canlas, and $7,500 to Plaintiff Sto. Domingo as incentive awards;

(5) Award $13,000 in settlement administration costs to CPT Group, Inc.;

(6) Approve the allocation of $10,000 to the LWDA, with payment of $7,500 to the LWDA and $2,500 distributed to the settlement class for PAGA penalties;

(6) Designate Instituto Laboral de La Raza as *cy pres*; and

(7) A Status Conference re: Final Report re: Distribution of Settlement Funds is set for  December 21, 2018 at 11:00 a.m.  A joint status conference shall be filed by no later than December 14, 2018.

**DATED:** November 2, 2018

Hon. Jeffrey S. White
JUDGE FOR THE U.S.D.C., NORTHERN DISTRICT OF CALIFORNIA

-9-

/Case No. 16-CV-02355-JSW
FINAL APPROVAL ORDER
DOCUMENT PRINTED ON RECYCLED PAPER